IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 3:19-CR-90-PLR-HBG |
| FERNANDO CORNEJO-GARCIA, | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This case is before the Court on the Defendant's Request to Accept Late Filing of Motion to Dismiss Indictment [Doc. 26], filed on August 26, 2019. Chief United States District Judge Pamela L. Reeves referred [Doc. 22] the Motion to Dismiss Indictment [Doc. 21] to the undersigned on August 8, 2019, for disposition or report and recommendation regarding disposition as may be appropriate. *See* 28 U.S.C. § 636(b). The following day, the undersigned entered an Order [Doc. 23], observing that the motion-filing deadline in this case expired on July 3, 2019, and that the Defendant has not requested an extension of this deadline[1] or asked for leave to late-file the Motion to Dismiss Indictment. The Court ordered [Doc. 23] the parties to file briefs, by August 23, 2019, on the issue of whether the arguments raised in the untimely Motion to Dismiss Indictment are waived for failure to file within the motion deadline.[2]

---

[1] On July 29, 2019, the Defendant moved [Doc. 19] to continue the trial date and plea deadline but did not ask to reopen the motion deadline, nor did he assert his intention to file a dispositive pretrial motion (or any pretrial motion) as a reason to continue the trial. On August 1, 2019, Chief Judge Reeves continued [Doc. 20] the trial of this case to December 3, 2019, but did not reopen the motion deadline.

[2] The Court also directed the Government to respond to the substance of the Motion to Dismiss Indictment by that same date.

1

On August 23, 2019, the Government filed its response [Doc. 24] to both the substance and the untimely filing of the Motion to Dismiss the Indictment. The Government asserts that the Defendant has not shown good cause for the untimely filing of his Motion to Dismiss. It notes that this Court has denied pretrial motions when the party failed to show good cause for the late filing. *See, e.g., United States v. Dirr*, No. 3:08-CR-42, 2009 WL 2986706 (E.D. Tenn. Sept. 10, 2009). The Government argues that the Motion to Dismiss should be denied, because the Defendant failed to file it within the motion deadline and failed to seek leave of Court to file it late.

On August 26, 2019, the Defendant filed the instant Request to Accept Late Filing of Motion to Dismiss [Doc. 26]. The Defendant contends that due to the complexity of the issues and the dearth of Sixth Circuit precedent, defense counsel needed additional time to investigate the facts and research the law relating to the issues raised in the Motion to Dismiss. The Defendant also states that co-counsel, who filed a notice of appearance on July 29, 2019, needed time to familiarize herself with the case and confer with the Defendant. Defendant maintains that the Government is not prejudiced by the untimely filing of the motion, because defense counsel provided counsel for the Government with a draft copy of the Motion to Dismiss on July 22, 2019, and relayed a personal health issue of defense counsel to explain the delay. Finally, Defendant states that counsel's failure to timely file the motion should not be held against him and that he has a right to have his issues decided on the merits.

The parties appeared before the undersigned on September 25, 2019, for a hearing on the Request to Accept Late Filing. Assistant United States Attorney William A. Roach, Jr., appeared on behalf of the Government. Assistant Federal Defenders Nakeisha C. Jackson and Mary

Margaret Kincaid represented the Defendant, who was also present and participated with the aid of an interpreter.

Ms. Jackson argued that the Court must consider a late-filed motion, if the party that filed the motion demonstrates good cause. She asserted that good cause is a legitimate reason for the delay. In the instant case, Ms. Jackson stated that the delay in filing was due to defense counsel's "oversight." She apologized for the delay and stated that defense counsel have worked diligently on this case from the time of its inception. She stated that defense counsel first raised and litigated issues relating to the Defendant's release. Ms. Jackson stated that after the Court denied release, counsel considered whether to appeal that ruling. Ms. Jackson related that, after deciding not to appeal the detention order, counsel turned their focus to the discovery in this case. She stated that the motion deadline passed while counsel were immersed in reviewing the discovery and researching this very complicated area of the law. In this regard, she noted that the Defendant's prior removal was an "administrative removal," which she characterized as rare. Ms. Jackson stated that due to the dearth of case law on administrative removal in this circuit, defense counsel had to broaden their research to other circuits. She said defense counsel communicated with the prosecuting attorney to put the Government on notice of the late motion and sent the prosecutor a draft of the motion by email. Ms. Jackson argued that the time needed by defense counsel to educate themselves on this complex area of law constitutes good cause. She emphasized that Defendant Cornejo-Garcia did nothing to cause the delay.

AUSA Roach argued that the Motion to Dismiss is unquestionably untimely. He acknowledged that two weeks after the motion deadline expired, defense counsel made him aware they planned to file a motion to dismiss the charges. AUSA Roach said at that time, he informed defense counsel that the motion deadline had passed. AUSA Roach also argued that the Court's

Pretrial Order [Doc. 17], entered on July 22, 2019, expressly states "[n]o more motions, except for motions *in limine*, will be allowed to be filed in this cause of action by either side without prior leave of Court." Moreover, he argued that after filing an untimely motion, the Defendant untimely filed the Request to Accept, three days after the deadline set by the Court. Finally, AUSA Roach argued that Federal Rule of Criminal Procedure 12, which requires pretrial motions to be brought by the motion deadline, exists for a reason. He asserted that neither the Supreme Court, nor the Court of Appeals for the Sixth Circuit, recognize "oversight" on the part of counsel to be good cause.

Ms. Kincaid apologized for the late filing of the Request to Accept, stating that her grandmother passed away the day after the Court ordered briefing, and Ms. Jackson was out of town at a conference. Ms. Kincaid characterized the late-filing of the Motion to Dismiss as "one hundred percent" the fault of counsel. However, she argued that counsel have shown good cause for the late filing, due to the complexity of the issues raised in the Motion to Dismiss and their importance to the Defendant's case. Ms. Kincaid argued that the untimely filing of the motion to dismiss is not the Defendant's fault and that the Defendant should not be penalized for counsel's failure to file the motion timely.

AUSA Roach respond that he was not aware of Ms. Kincaid's loss of her grandmother and that he would have had no objection to a request for a continuance of the briefing deadline, if one had been made.

I. ANALYSIS

"A party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(1). While a motion that the court

lacks jurisdiction may be raised at any time during the pendency of the case, some motions must be raised pretrial. Fed. R. Crim. P. 12(b)(2)-(3). Motions alleging a defect in the indictment, including the failure to state an offense, must be raised pretrial. Fed. R. Crim. P. 12(b)(3)(B)(v). Rule 12 recognizes the court's authority to set and extend or reset a deadline for filing pretrial motions. Fed. R. Crim. P. 12(c)(1)-(2). Rule 12 also imposes the following consequences for failure to file a required pretrial motion by the motion deadline: "If a party does not meet the deadline for making a Rule 12(b)(3) motion, the motion is untimely. But a court may consider the defense, objection, or request if the party shows good cause." Fed. R. Crim. P. 12(c)(3).

The 2014 amendments to Rule 12 removed the prior language, which provided that a party "waives" an issue not raised within the deadlines set by the court. *See* Advisory Committee Notes to 2014 Amendments to Rule 12(c). The Advisory Committee Notes explain the change in language as follows:

> Although the term waiver in the context of a criminal case ordinarily refers to the intentional relinquishment of a known right, Rule 12(e) [(the prior version of the rule)] has never required any determination that a party who failed to make a timely motion intended to relinquish a defense, objection, or request that was not raised in a timely fashion. Accordingly, to avoid possible confusion the Committee decided not to employ the term "waiver" in new paragraph (c)(3).
> New paragraph (c)(3) retains the existing standard for untimely claims. The party seeking relief must show "good cause" for failure to raise a claim by the deadline, a flexible standard that requires consideration of all interests in the particular case.

*Id.* Although the term "waiver" no longer appears in the rule, the Advisory Committee notes make clear that the existing standard of "good cause" for untimely motions remains the same. *Id.*; *United States v. Bowline*, 917 F.3d 1227, 1235 (10th Cir. 2019) (holding that the "elimination of the word *waiver* from the Rule did not change the operative standard"), *petn for cert. filed*; *see also United States v. Campos*, No. 5:17-CR-55-DCR-REW, 2018 WL 1406614, *2 (E.D. Ky Feb. 23, 2018)

5

(observing that Rule 12(c)(3) "borrows most of the language and all of the standard of its predecessor in Rule 12(e)") (R. Wier, MJ, Recommended Disposition). Accordingly, our appellate court continues to rely on pre-2014 case law for guidance on what constitutes "good cause." *See United States v. Trujillo-Molina*, 678 F. App'x 335, 337 (6th Cir. 2017) (relying on *United States v. Walden*, 625 F.3d 961 (6th Cir. 2010)).

"Good cause is a 'flexible standard' requiring an explanation for both the delay *and* the potential prejudice." *Trujillo-Molina*, 678 F. App'x at 337. "At a minimum, a party must 'articulate some legitimate explanation for the failure to timely file.'" *Id.* (quoting *Walden*, 625 F.3d at 965). As a general rule, when counsel makes a "conscious decision not to file a pretrial motion before the deadline, the party [asking to make an untimely filing] will not be able to establish good cause." *United States v. Walden*, 625 F.3d 961, 965 (6th Cir. 2010) (determining that counsel's decision not to file pretrial motions while attempting to negotiate a plea agreement is not good cause). "The Sixth Circuit rejects improvident strategy as a reason to excuse a tardy defensive motion." *Campos*, 2018 WL 1406614, *3 (finding defense counsel pursued plea negotiations, allowing the motion deadline to expire, as a matter of strategy).

In the instant case, Ms. Jackson stated that defense counsel[3] failed to file the Motion to Dismiss by the motion deadline due to counsels' "oversight," explaining that counsel initially focused on seeking the Defendant's release pretrial and determining whether to appeal the detention order. Counsel stated that the July 3 motion deadline expired, while she was reviewing discovery and researching this complex area of the law. The Court finds that attorney negligence

---

[3] Defendant Cornejo-Garcia first appeared on a criminal complaint on May 31, 2019. At that time, the Court appointed [Doc. 4] Ms. Jackson and the Federal Defender Services of Eastern Tennessee to represent him. Although Ms. Kincaid did not enter a Notice of Appearance [ Doc. 18] in this case until July 29, 2019, the Court observes that she appeared and assisted Ms. Jackson at the arraignment and detention hearing on June 5, 2019.

or oversight is not good cause. *See United States v. Chavez*, 902 F.2d 259, 263 (4th Cir. 1990) (finding court abused its discretion in denying untimely suppression hearing, when the late motion was not due "to negligence[ or] oversight" of counsel but, instead, government's failure to provide grand jury transcript).

Moreover, the Court finds that defense counsel had multiple opportunities to request a new motion deadline or to ask the Court to excuse an untimely motion. First, the Court observes that its Order on Discovery and Scheduling, filed on June 5, 2019, documented the July 3 motion deadline and required that a "party seeking an extension of the deadline for filing a pretrial motion or response shall file a motion for an extension before the expiration of the deadline in question" [Doc. 15, p.4]. Thus, the Court finds that defense counsel were aware of the motion deadline and of the procedure for requesting an extension of that deadline. AUSA Roach stated that approximately two weeks after the expiration of the motion deadline, defense counsel informed him of the Defendant's intent to file a motion, and he told counsel that the motion deadline had expired. Defense counsel did not move for the motion deadline to be reopened at that time.

Second, on July 22, 2019, the same time that defense counsel state that they provided the Government with a draft of the Motion to Dismiss, the Court filed a Pretrial Order, which expressly states that "[n]o more motions, except for motions *in limine*, will be allowed to be filed in the cause of action by either side without prior leave of Court" [Doc. 17, p.2]. Despite this Order from the Court and knowledge that they intended to file a motion, defense counsel did not ask for leave to file a motion out of time. Instead, one week later on July 29, 2019, the Defendant moved to continue the trial [Doc. 19]. In his motion to continue, the Defendant did not ask for a new motion deadline or state his intent to file a dispositive motion, despite providing the Government with a draft of the motion one week earlier, as a basis for continuing the trial date. One week later, on

August 5, 2019, the Defendant filed the Motion to Dismiss, again without requesting leave. The Court finds these three events (AUSA Roach's reminder that the motion deadline had expired, the filing of the Pretrial Order, and the request to continue the trial) should have caused defense counsel to move for a new motion deadline or for leave to file the untimely motion. Thus, the Court finds that counsels' reasons of oversight and the need to perform copious legal research do not provide a legitimate explanation for the failure to timely file the motion or, at the very least, to ask to file the motion out of time, when it was filed more than a month after the expiration of the motion deadline.[4]

Defense counsel argue that the Defendant will be prejudiced, if the Court does not permit litigation of the untimely Motion to Dismiss. They contend that the Defendant did not cause the delay and that he should not lose the ability to litigate the important issues raised in the motion because of counsels' failure to meet the deadline. First, the Court observes that the decision of when and whether to file motions is a matter of trial strategy, which is the province of counsel. Defendant cites no case, nor has the Court encountered any in its review of this issue, in which the defendant's inability to affect the filing of pretrial motions was weighed in the determination of good cause. Instead, our appellate court has held that *counsel's* decision not to file a motion at a particular time is a matter of strategy and is not good cause, even though counsel's decision results in the defendant's inability to raise an issue. *Walden*, 625 F.3d at 965.

---

[4]In this regard, the Court notes that the Defendant's motion to accept the late filed Motion to Dismiss states: "On July 22, defense counsel sent the Government a draft copy of the motion to dismiss, *so that it could consider dismissal and avoid litigation*, but also to give notice that a motion would be filed" [Doc. 26, p.2 (emphasis added)]. This explanation suggests that the failure to seek leave to file the untimely Motion to Dismiss, despite AUSA Roach's warning that the motion deadline had expired, may have been a strategic move by defense counsel, who were hoping to resolve the case without filing the motion. As quoted above, "improvident strategy" is not good cause "to excuse a tardy defensive motion." *Campos*, 2018 WL 1406614, *3.

8

Second, the Court must also consider the prejudice to the Court and the Government from the failure to file the Motion to Dismiss on time. The Defendant argues that the Government was not prejudiced by the untimely filing, because defense counsel forwarded a draft of the motion two weeks before filing it, thereby giving the Government more time to file a response than it would otherwise have under the local rules. However, the Court observes that the parties, including the Government, are entitled to rely on the deadlines set by the Court, in allotting time and resources. As AUSA Roach aptly expressed, the deadlines are there for a reason. "Courts have a legitimate interest in the enforcement of scheduling deadlines, both to manage a pending case and to retain the credibility of these deadlines in future cases." *United States v. Trobee*, 551 F.3d 835, 838 (8th Cir.) (affirming lack of good cause for failure to file suppression motion timely, so as not to chill plea negotiations), *cert. denied* 558 U.S. 907 (2009). Accordingly, the Court finds that both the Court and the Government are prejudiced by the untimely Motion to Dismiss.

Additionally, whether there *may* have been time[5] to litigate a dispositive motion before the December 3, 2019 trial date at the time the Defendant filed the Motion to Dismiss on August 5 is relevant to the Court's determination but is not controlling. *Walden*, 625 F.3d at 966 (citing *Trobee*, 551 F.3d at 838). "Without [the defendant] articulating some compelling reason for not filing the motion within the deadline, [the court] cannot conclude that he had good cause . . . even if allowing the untimely motion would not have prejudiced the court or the United States." *Id.* Here, the Court finds the Defendant has not articulated a compelling reason for the untimely filing, and it finds that both the Court and the Government are prejudiced by the delay.

---

[5] The Court notes that after filing the untimely motion, defense counsel requested additional time to file a reply brief [Doc. 25] and asked the Court to reset the evidentiary hearing [Doc. 29]. At the time of the September 25, 2019 motion hearing and certainly now, the Court finds that insufficient time remains to litigate the Defendant's complex Motion to Dismiss before the December 3 trial date.

In conclusion, after consideration of all of the interests in this particular case, the Court finds that the Defendant has not shown good cause for the untimely filing of his Motion to Dismiss Indictment. Thus, the Defendant's Request to Accept Late Filing of Motion to Dismiss [**Doc. 26**] is **DENIED**.

**IT IS SO ORDERED.**

ENTER:

_____
United States Magistrate Judge