IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:19-CR-90-PLR-HBG |
| | ) | |
| FERNANDO CORNEJO-GARCIA, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

This case is before the Court on the Defendant's Motion to Dismiss Indictment [Doc. 21], which was filed on August 5, 2019, and referred [Doc. 22] to the undersigned on August 8, 2019, for disposition or report and recommendation regarding disposition as may be appropriate. *See* 28 U.S.C. § 636(b). As discussed herein, the Court finds that the Defendant failed to file the Motion to Dismiss Indictment by the deadline for filing pretrial motions. The Defendant did not ask for an extension of the motion deadline, nor did he ask for leave to file the motion out of time, until nearly two months after the motion deadline expired. Finally, the undersigned has ruled [Doc. 33] that the Defendant failed to show good cause for the untimely filing of his Motion to Dismiss Indictment. Because the Defendant has filed the Motion to Dismiss Indictment outside of the time for filing pretrial motions and has failed to establish good cause for the late filing, the undersigned recommends that the Motion to Dismiss Indictment be denied.

**I. Procedural History**

Defendant Cornejo Garcia first appeared on a criminal complaint on May 31, 2019. At that time, the undersigned appointed [Doc. 4] Assistant Federal Defender Nakeisha C. Jackson and

the Federal Defender Services of Eastern Tennessee, Inc., to represent the Defendant in this case. On June 5, 2019, the Defendant was arraigned on an Indictment, and at that time, the Court set a deadline of July 3, 2019, for filing pretrial motions [*see* Doc. 15, p.4]. The Court's Order on Discovery and Scheduling, filed on June 5, 2019, states that a "party seeking an extension of the deadline for filing a pretrial motion or response shall file a motion for an extension before the expiration of the deadline in question" [Doc. 15, p.4]. No pretrial motions or requests to extend the deadline were filed by the July 3 motion deadline. On July 22, 2019, the undersigned entered a Pretrial Order [Doc. 17], stating that "[n]o more motions, except for motions *in limine*, will be allowed to be filed in this cause of action by either side without prior leave of Court" [Doc. 17, p. 2]. At this time, the case was set for trial on August 12, 2019.

On July 29, 2019, the Defendant moved for a continuance of the August 12 trial date, stating that counsel has engaged in a good faith effort to resolve the Defendant's case but needs additional time to "to resolved certain pretrial matters and prepare for trial" [Doc. 19, p.1]. The Defendant did not request a new motion deadline, nor did he raise the need to file and litigate a complex pretrial motion as a basis for the requested continuance. Also, on July 29, 2019, Assistant Federal Defender Mary Margaret Kincaid filed a notice [Doc. 18] of her appearance in the case.[1] On August 1, 2019, Chief Judge Reeves continued [Doc. 20] the trial date to December 3, 2019. Four days later, and just over one month after the expiration of the motion deadline, the Defendant filed the Motion to Dismiss Indictment [21].

Once the Motion to Dismiss Indictment was referred [Doc. 22] to the undersigned, the Court entered an Order [Doc. 23], observing that the motion-filing deadline in this case expired on

---

[1] Although Ms. Kincaid did not enter a Notice of Appearance [ Doc. 18] in this case until July 29, 2019, the Court observes that she appeared and assisted Ms. Jackson at the arraignment and detention hearing on June 5, 2019.

July 3, 2019; that the Defendant had not requested an extension of this deadline; and that the Defendant had not requested leave to late-file the Motion to Dismiss Indictment. The Court ordered [Doc. 23] the parties to file briefs, by August 23, 2019, on the issue of whether the arguments raised in the untimely Motion to Dismiss Indictment are waived for failure to file within the motion deadline.[2]

On August 23, 2019, the Government filed its response [Doc. 24], asking on the Court to deny the Motion to Dismiss Indictment, because the Defendant failed to file it within the motion deadline and failed to seek leave of Court to file it late. The Defendant also failed to file the requested responding brief by the August 23, 2019 deadline. Instead, on August 26, 2019, the Defendant filed a motion entitled Request to Accept Late Filing of Motion to Dismiss Indictment [Doc. 26].[3] The Defendant explained that the Motion to Dismiss was not timely filed, because defense counsel needed additional time to investigate the facts and research this complex area of the law. The Defendant asked the Court to accept the late-filed Motion to Dismiss, arguing that the Government is not prejudiced by the untimely filing of the motion as counsel provided a draft copy of the Motion to Dismiss to counsel for the Government on July 22, 2019, and relayed a personal health issue of defense counsel[4] to explain the delay. Finally, Defendant asserted that his counsel's failure to timely file the motion should not be held against him and that he has a right to have his issues decided on the merits.

---

[2] The Court also directed the Government to respond to the substance of the Motion to Dismiss Indictment by that same date.

[3] At the September 25, 2019 motion hearing, Ms. Kincaid apologized for the late filing of the Request to Accept, stating that her grandmother passed away the day after the Court ordered briefing and that co-counsel was at a conference at the time the brief was due. AUSA Roach responded that he was not aware of Ms. Kincaid's loss of her grandmother and that he would not have objected to a request for a continuance of the briefing deadline, if one had been made.

[4] A health issue was not raised or referenced at the September 25, 2019 motion hearing.

The parties appeared before the undersigned on September 25, 2019, for a hearing on the Request to Accept Late Filing. Assistant United States Attorney William A. Roach, Jr., appeared on behalf of the Government. Assistant Federal Defenders Nakeisha C. Jackson and Mary Margaret Kincaid represented the Defendant, who was also present and participated with the aid of an interpreter. At the hearing, Ms. Jackson attributed the delay in filing the Motion to Dismiss to defense counsels' "oversight," focus on the issue of Defendant's release or detention pretrial, and the need to conduct extensive research on the complex legal issues raised in the Motion to Dismiss. She emphasized that Defendant Cornejo-Garcia did nothing to cause the delay. Ms. Kincaid characterized the late-filing of the Motion to Dismiss as "one hundred percent" the fault of counsel and argued that the Defendant should not be penalized for counsel's failure to file the motion timely.

AUSA Roach argued that Federal Rule of Criminal Procedure 12 requires pretrial motions to be brought by the motion deadline, unless the Defendant can show "good cause" for untimely filing. He asserted that neither the Supreme Court, nor the Court of Appeals for the Sixth Circuit, have recognized attorney oversight as good cause. Moreover, he stated that two weeks after the motion deadline expired, defense counsel told him that they planned to file a motion to dismiss the charges. AUSA Roach said, at that time, he informed defense counsel that the motion deadline had passed. AUSA Roach urged the Court to find that good cause for the delayed filing does not exist in this case.

On October 21, 2019, the undersigned denied [Doc. 33] the Request to Accept Late Filing of Motion to Dismiss Indictment, finding the Defendant had failed to show good cause for the late filing. The Court found that attorney negligence or oversight is not good cause and, moreover, does not explain defense counsel's failure to request a new motion deadline or to seek leave to file

4

the untimely motion, despite several events[5] that should have triggered that response. The Court also found that the fact that the Defendant himself (as opposed to defense counsel) was not responsible for the untimely filing is not a consideration, because the Defendant acts through counsel. Finally, the Court found that both it and the Government are prejudiced by the failure to file the motion timely, observing that the parties (and the Court) rely on the deadlines in a case to manage both time and resources.

**II. Analysis**

"A party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(1). While a motion that the court lacks jurisdiction may be raised at any time during the pendency of the case, some motions must be raised pretrial. Fed. R. Crim. P. 12(b)(2)-(3). Motions alleging a defect in the indictment, including the failure to state an offense, must be raised pretrial. Fed. R. Crim. P. 12(b)(3)(B)(v). Rule 12 recognizes the court's authority to set and extend or reset a deadline for filing pretrial motions. Fed. R. Crim. P. 12(c)(1)-(2). Rule 12 also imposes the following consequences for failure to file a required pretrial motion by the motion deadline: "If a party does not meet the deadline for making a Rule 12(b)(3) motion, the motion is untimely. But a court may consider the defense, objection, or request if the party shows good cause." Fed. R. Crim. P. 12(c)(3).

---

[5] The Court found that the following events should have alerted defense counsel to the need to request leave to file a motion to dismiss: AUSA Roach's reminder that the motion deadline had expired, when defense counsel told him they intended to file a motion to dismiss the charges; the Pretrial Order, which expressly states that no more motions will be allowed without the party first requesting leave; and the Defendant's request to continue the trial [Doc. 33, pp. 7-8].

5

"Good cause is a 'flexible standard' requiring an explanation for both the delay *and* the potential prejudice."[6] *United States v. Trujillo-Molina*, 678 F. App'x 335, 337 (6th Cir. 2017); *see also* Advisory Committee Notes to 2014 Amendments to Rule 12(c) (providing that "'good cause' . . . [is] a flexible standard that requires consideration of all interests in the particular case"). "At a minimum, a party must 'articulate some legitimate explanation for the failure to timely file.'" *Trujillo-Molina*, 678 F. App'x at 337 (quoting *United States v. Walden*, 625 F.3d 961, 965 (6th Cir. 2010)). As a general rule, when counsel makes a "conscious decision not to file a pretrial motion before the deadline, the party [asking to make an untimely filing] will not be able to establish good cause." *Walden*, 625 F.3d at 965. "The Sixth Circuit rejects improvident strategy as a reason to excuse a tardy defensive motion." *Campos*, 2018 WL 1406614, *3 (finding defense counsel pursued plea negotiations, allowing the motion deadline to expire, as a matter of strategy).

In the instant case, defense counsel's "oversight" and subsequent failure to take appropriate measures to remedy that oversight, such as requesting an extension or reopening of the motion deadline or timely asking for leave to file the Motion to Dismiss Indictment, is not good cause. Rather than seeking leave to file the motion out of time, defense counsel forwarded a draft of the Motion to Dismiss Indictment to the Government "*so that it could consider dismissal and avoid litigation*, but also to give notice that a motion would be filed" [Doc. 26, p.2 (emphasis added)].

---

[6] The Advisory Committee notes make clear that the standard of "good cause" for untimely motions is the same standard imposed prior to the 2014 amendments to Rule 12. *United States v. Bowline*, 917 F.3d 1227, 1235 (10th Cir. 2019) (holding that the "elimination of the word *waiver* from the Rule did not change the operative standard"), *petn for cert. filed*; *see also United States v. Campos*, No. 5:17-CR-55-DCR-REW, 2018 WL 1406614, *2 (E.D. Ky Feb. 23, 2018) (observing that Rule 12(c)(3) "borrows most of the language and all of the standard of its predecessor in Rule 12(e)") (R. Wier, MJ, Recommended Disposition). Accordingly, our appellate court continues to rely on pre-2014 case law for guidance on what constitutes "good cause." *See United States v. Trujillo-Molina*, 678 F. App'x 335, 337 (6th Cir. 2017) (relying on *United States v. Walden*, 625 F.3d 961 (6th Cir. 2010)).

Counsels' decision to encourage the Government to dismiss the Indictment, rather than to ask for a new motion deadline or to seek leave to file the untimely motion, weighs against a finding of good cause. *See Walden*, 625 F.3d at 965 (holding that counsel's decision not to file pretrial motions while attempting to negotiate a plea agreement is not good cause). Moreover, the Defendant's untimely filing prejudices both the Court and the Government, as the issues the Defendant seeks to raise involve a collateral attack on his January 2018 administrative removal and cannot be resolved before the December 3, 2019 trial date in this case. Because the Defendant failed to file his Motion to Dismiss Indictment timely or to demonstrate good cause for its untimely filing, the Defendant has forfeited his opportunity to have his motion heard. Accordingly, the undersigned respectfully **RECOMMENDS** that the Motion to Dismiss Indictment [Doc. 21] be denied.[7]

Respectfully submitted,

_____
United States Magistrate Judge

---

[7] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2) (as amended). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); *see United States v. Branch*, 537 F.3d 582, 587 (6th. Cir. 2008); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985) (providing that failure to file objections in compliance with the required time period waives the right to appeal the District Court's order). The District Court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive, or general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).